### UNITED STATES v. RAISH et al.

#### (District Court, S. D. Illinois.    April 24, 1908.)

POST OFFICE — UNLAWFUL USE OF MAILS — ENFORCING BOYCOTT — "USING THE MAIL TO DEFRAUD"

    Officers of a labor union who send letters or circulars through the mails to customers of a manufacturing corporation to induce them to withdraw their custom from it for the purpose of ruining its business or forcing it to pay a fine imposed on it for employing nonunion workmen, whether such fine and boycott were initiated by such officers or by the union with their participation and approval, are guilty of the offense of using the mails to defraud, in violation of Rev. St. § 5480 (U. S. Comp. St. 1901, p. 3696).

    [Ed. Note.—Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.]

Pending the enlargement of its planing mill, the Wahlfield Manufacturing Company, in order to hold its employés together, employed them in the construction of the work.    Some of these men belonged to the local carpenters' union, some to the wood cutters' union, and some were nonunion.    Pending the work the defendant Humphrey requested the company to compel all its men to join the carpenters' union, and, on refusal, handed Mr. Wahlfield a letter, which stated that a fine had been imposed on the company of $500, which would be remitted upon the company's employing carpenters' union men on the job, and told him that, if he did not pay the fine or employ union men, the unions would boycott him.    Thereafter circular letters were sent to the company's customers, urging them not to handle Wahlfield's products.    Wahlfield had the two defendants, who were president and secretary of the carpenters' union, indicted for attempt to defraud by use of the post office.    On the trial the jury were instructed as shown below.    Both defendants convicted.

W. A. Northcott, U. S. Atty., and H. A. Converse and J. H. Story, Asst. U. S. Attys.

John Daly and N. C. Mihigan, for defendants.

HUMPHREY, District Judge (charging the jury). The case you are considering is an indictment in three counts drawn under section 5480 of the federal statutes (U. S. Comp. St. 1901, p. 3696) charging these two defendants, Humphrey and Raish, with having devised and executed a scheme to defraud by use of the post-office department of the United States.

The indictment is in three counts. The first count alleges that the scheme, as devised by these defendants, was 'that they, taking advantage of their position as officers of a certain labor organization, would cause an assessment of a fine to be placed against the Wahlfield Manufacturing Company, and induce that company to pay said fine under a threat of a boycott if the company did not pay, and that the scheme contemplated the use of the mail, and that certain letters in execution of the scheme did pass through the mail. The second and third counts are based upon a different theory; that the scheme devised was these defendants, taking advantage of their position as members and officers of the said labor organization, would by use of the mails cause a boycott to be put in force against the business of the Wahlfield Manufacturing Company, and thus injure that company in its business. The first count is drawn upon the theory that their intention in the scheme was to induce Wahlfield to pay in order to escape the boycott, which would have been in fraud of the Wahlfield Manufacturing Company. The other two counts are drawn upon the theory that their device contemplated that he would not pay, but would suffer the boycott, and thus be defrauded in his business.

Either of these counts constitutes an offense under the statute. The indictment is no evidence of guilt. It is simply a formal method taken by the prosecuting department of the government to present to the defendants in legal form the charge made against them. If you believe from the evidence beyond a reasonable doubt that the defendants did devise the scheme in question, did cause this fine to be assessed against the Wahlfield Company, and did cause the boycott to be undertaken against the same company and did use the mails in execution of that device, all as charged in the indictment, or in any count thereof, then you will find the defendants guilty. On the other hand, if you do not believe from the evidence beyond a reasonable doubt that the defendants devised the scheme in question to cause the fine to be assessed and the boycott to be put in force, and used the mail in execution thereof, as charged in the indictment, or in any count thereof, then you will find the defendants not guilty.

The burden is upon the government. The government must prove all the material allegations of the charge by evidence which convinces your minds beyond a reasonable doubt. I mean by that that the defendants do not have to prove their own innocence. The government must prove their guilt. The presumption of innocence is with the defendants. You must allow that presumption to remain with them until it has been removed by the proof in the case convincing your minds

of their guilt beyond a reasonable doubt. In order to constitute this offense, it is not necessary that any profit or gain should have come to either of the defendants. In order to constitute this offense, it is not necessary that the scheme should have been successful under either one of these counts.

The law further is, gentlemen, that if the scheme in question was devised by the union, as testified to by some of the witnesses, that, so far as any action was taken at all, it was all taken by the union and under the order and instructions of the union, still, if you further believe from the evidence beyond a reasonable doubt that the defendants or either of them participated in such action of the union or assisted in carrying out such action of the union, and acquiesced in such action of the union, then as to said defendants you will find them guilty just the same as though the action had been individual on their part. Evidence has been introduced tending to prove the good reputation of these two men. Reputation is the most valuable heritage any man can have. You are to consider that in making up your judgments. You are to consider all that the evidence shows as to previous good reputation in making up your judgments as to the guilt or innocence of these defendants. You are the judges of the facts. You find the facts for yourselves. You find them from the evidence, not from any outside inferences or impressions. You take the law from the court, and you are to give to the law, as the court gives you the law, the same force which you give to the facts as you find the facts to be. You have heard the witnesses; seen them upon the stand; listened to their testimony. You have a right to consider what you have seen, and what you have heard as coming from these various witnesses; their manner and appearance upon the stand; their frankness and honesty; their interest in the case, if any has been shown; their prejudices, if they have shown any prejudice; their knowledge of the facts; their opportunity to have a knowledge of the facts about which they have testified; the reasonableness or unreasonableness of the stories they have told upon the stand in answer to questions; and from all these various considerations you make up your judgments for yourselves as to the weight to be given to the testimony of any witness.

You have nothing to do with the punishment. Congress has placed that burden upon the court. The form of your verdict will be, if you find the defendants guilty: "We, the jury, find the defendants guilty." If you find them not guilty, the form of your verdict will be: "We, the jury, find the defendants not guilty." And, if you find one guilty and one not guilty, the form of your verdict will be: "We, the jury find the defendant ——— guilty, and the defendant ——— not guilty"—filling the blanks with the names as you shall find.

Is there on the part of the plaintiff any exception to be taken to the charge of the court?

Mr. Converse: I would like to have the court instruct the jury that the scheme set up in the various counts of the indictment are apt schemes to defraud.

Is there on the part of the defendants any exception to be taken to the charge of the court?

163 F.—58

Mr. Daly: We except to the charge given by the court as to the first count of the indictment. As I understood the charge to the jury, the court stated that the indictment said that certain letters did pass through the mail. I think the charge in that count of the indictment is that a specific letter passed through the mails, and we wish to except to that part of the charge of the court. I also wish to except to that part of the charge of the court stating that the scheme did not depend upon any profit or gain upon the part of the defendants or either of them. And also except to the instruction with reference to the action of the union, where, among other things, the court charged that acquiescence in the action of the union would bind these defendants, or either of them, so acquiescing.

The Court: The first exception was that I refer to more than one letter as to the first count; and what was the second?

Mr. Daly: That it was not necessary that any profit or gain accrue to the defendants, or either of them. The third was the acquiescence in the action of the union.

The Court: I meant to instruct you gentlemen, but from the exception made by counsel for the government it appears I did not, and, if I have not already charged you, I now charge you that the court is of opinion that the artifice and scheme described in these three counts are all actionable under the statute.

Mr. Daly: There is another suggestion I desire to except to— that the jury specify the count or counts of the indictment that they may find either or both of these defendants guilty upon, if they so find.

The Court: It is all the same scheme and my thought about that was, if they find them guilty under any count, it will be the same as though they find them guilty under all three counts, for I would have no purpose to cumulate the punishment.

Mr. Daly: We desire to make the request to have the specific finding of the jury as to each count separately. And I desire to except to that portion of the charge of the court in which the court states to the jury that the artifice described in each of these counts is actionable under the statute.

The Court: And the court, having heard the suggestions of counsel, declines to instruct the jury further, to which ruling of the court defendants, by their counsel, then and there excepted.